Youssef H. Hammoud (SBN: 321934)
Lauren Tegan Rodkey (SBN: 275830)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Faryborz Kohanteb*

**IN THE UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FARYBORZ KOHANTEB, <br><br>   Plaintiff, <br><br> v. <br><br> TRANSWORLD SYSTEMS, INC.; and EQUIFAX INFORMATION SERVICES, LLC, <br><br>   Defendants. | Case No.: 8:20-cv-00335 <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> 1. FAIR CREDIT REPORTING ACT, 15 USC § 1681 *et seq.* <br> 2. CCRAA, Cal. Civ. Code § 1785 *et seq.* <br> 3. FDCPA, 15 USC § 1692 *et seq.* <br> 4. RFDCPA, Cal. Civ. Code § 1788 *et seq.* |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Faryborz Kohanteb ("Plaintiff"), through his attorneys, alleges the following against Transworld Systems, Inc., ("Transworld"), and Equifax Information Services, LLC ("Equifax").

**INTRODUCTION**

1. Count I and II of Plaintiff's Complaint is based upon the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et al.* The FCRA is a federal statute that broadly regulates the credit reporting agencies and furnishers of credit information. Among other

things, the FCRA prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information on a consumer's credit report.

2. Count III of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), CAL. CIV. CODE § 1785 *et seq.*, which regulates credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

3. Count IV and V of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 USC § 1692, and Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

4. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

5. Jurisdiction of the court arises under 28 U.S.C. § 1331, and 15 U.S.C. § 1681.
6. Supplemental jurisdiction of the court arises under 28 U.S.C. § 1367.
7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.
8. Defendants transact business here; therefore, personal jurisdiction is established.

## PARTIES

9. Plaintiff, Faryborz Kohanteb is a natural person residing in California.
10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).
11. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).
12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).
13. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).
14. Defendant Transworld is a "person" as defined by Cal. Civ. Code § 1785.3(j).

15. Defendant Transworld is a "person" as defined by 15 U.S.C. § 1681a(b).
16. Defendant Transworld is a "debt collector" as defined by 15 U.S.C. § 1692a(6).
17. Defendant Transworld is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).
18. Defendant Transworld is a *collection agency* that works with individuals, large companies, and organizations to assist them in debt recovery and past due accounts. Transworld can be served through its registered agent, C T Corporation System, located at 208 South LaSalle St., Suite 814, Chicago, Illinois 60604.
19. Defendant Equifax Information Solutions, LLC, is a *credit reporting agency*, as defined in 15 U.S.C. § 1681a(f). On information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 U.S.C. § 1681a(d), to third parties. Equifax can be served through its registered agent, Corporation Service Company, located at 40 Technology Parkway South #300, Norcross, Georgia 30092.
20. On information and belief, Equifax disburses the *consumer reports* to third parties under contract for monetary compensation.
21. Defendants all acted through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

22. In or around 2016, Mr. Kohanteb incurred a debt with Thousand Oaks Endoscopy in the amount of $571.60.
23. On or about March 17, 2016, Mr. Kohanteb paid the outstanding balance in full to Thousand Oaks Endoscopy, thereby bringing his balance to $0.00.
//
//

## A. TRANSWORLD CREDIT REPORTING AND DEBT COLLECTION ISSUES

24. On or about December 16, 2019, Mr. Kohanteb pulled his Equifax, Experian and Trans Union credit report.

25. All three credit reports were inaccurately reporting that Mr. Kohanteb had an unpaid balance of $711.00.

26. Transworld was furnishing this information to the credit reporting agencies and Transworld knew or should have knew that the information was incomplete or inaccurate.

27. In or around November 2019, Mr. Kohanteb had received collection letters from FBCS, a debt collector hired by Transworld.

28. Non-party FBCS indicated that it was attempting to collect an alleged debt on behalf of Transworld, and the original creditor for the debt was Thousand Oaks Endoscopy.

29. By sending Mr. Kohanteb's account to be collected upon, Defendant Transworld was attempting to collect on a debt that Mr. Kohanteb did not owe.

30. In or around November 2019, Mr. Kohanteb's attorney reached out to FBCS and informed FBCS that the Thousand Oaks Endoscopy account was paid in full.

31. Moreover, Mr. Kohanteb's attorney provided proof of the payment to FBCS.

32. Upon information and belief, FBCS informed Transworld of the information communicated to it by Mr. Kohanteb and his attorney.

33. Despite being informed that the alleged debt was paid in full years ago and receiving proof of payment, Transworld continued to furnish inaccurate information to the credit reporting agencies.

34. As such, Transworld communicated to the credit reporting agencies information which it knew or should have knew was false.

## B. EQUIFAX CREDIT REPORTING ISSUES

35. On or about December 16, 2019, Mr. Kohanteb pulled his Equifax credit report.
36. Defendant Equifax was reporting the account (#337863XX) with a status of closed, unpaid with a balance of $711, and having previously been in collections.
37. In reporting the account, Equifax also failed to provide the names of the current and original creditors.
38. On or about December 17, 2019, Mr. Kohanteb sent by a dispute letter via certified mail to Equifax.
39. In his dispute letter, Mr. Kohanteb explained that the account was being reported incorrectly as the account had been paid in full in March of 2016.
40. Upon information and belief, Equifax forwarded Mr. Kohanteb's dispute letter to Transworld.
41. On or about January 17, 2019, Equifax responded to Mr. Kohanteb's dispute.
42. Although Equifax changed the account balance to $0, it continued to report the account as unpaid and having previously been in collections.
43. Equifax also continued to report the account without providing the names of the original and current creditors.
44. Upon information and belief, Equifax continues to report the disputed account with a status of "unpaid" and an account type of "COLLECTION."

## C. DAMAGES

45. Due to Defendants' actions, Mr. Kohanteb suffered from and continues to suffer from emotional distress and mental pain and anguish, including but not limited to headaches, stress, confusion, fear, anxiety and sleepless nights.
46. Due to Defendants' actions, Mr. Kohanteb has suffered from a credit score decrease and credit worthiness decrease.

# COUNT I

## Defendant Equifax Information Services, LLC.

## (Violations of the FCRA, 15 U.S.C. § 1681 *et seq.*)

47. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully state herein.

48. Defendant's conduct violated the FCRA. Defendants' violations include but are not limited to:

49. Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

   a. Defendants reported and continues to report the disputed account with a status of "unpaid" and an account type of "COLLECTION."

   b. Defendants failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's information;

   c. The inaccurate reporting of Plaintiff's information has caused him to suffer, stress, anxiety, headaches, frustration, and emotional and mental pain and anguish.

   d. The inaccurate reporting also caused Plaintiff to suffer a lower credit score and decreased his credit worthiness.

50. Further, the FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate, or it must delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

51. The FCRA further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information submitted by the consumer."

52. Defendant Equifax failed to conduct a reasonable reinvestigation of the inaccuracy that Plaintiff disputed in December 2019, in violation of 15 U.S.C. § 1681i by indicating that Plaintiff's account was "Unpaid" and was previously in "COLLECTIONS."

53. Defendant Equifax failed to review and consider all relevant information submitted by Plaintiff.

54. Defendant's acts, as described above, were done willfully and knowingly.

55. As a result of the foregoing violations of the FCRA, Defendant Equifax is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT II
### Defendant Transworld
### (Violations of the FCRA, 15 U.S.C. § 1681s-2(b))

56. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully state herein.

57. On at least one occasion within the past two years, by example only and without limitations, Transworld violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

58. The FCRA requires a furnisher, such as Transworld, after receiving notice from a credit report agency that a consumer disputes information that is being reported

by that furnisher to conduct an investigation with respect to the dispute information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

59. Plaintiff notified Equifax in December 2019 that the reporting of the account (#337863XX) was incorrect and that the account should be deleted from his credit report. Thereafter, Equifax notified Transworld that Plaintiff was disputing the information it had furnished to the credit reporting agency and forwarded the dispute to Transworld.

60. Transworld is liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(B):

   a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
   b. Willfully and negligently failing to review all relevant information concerning Plaintiff's disputed account;
   c. Willfully and negligently failing to report the results of investigations to the relevant consumer reporting agencies;
   d. Willfully and negligently failing to report the inaccurate status balance and status of the inaccurate information to all credit reporting agencies;
   e. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by Equifax concerning the inaccurate information disputed by Plaintiff;
   f. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to Equifax; and

    g. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

61. Transworld is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief permitted by 15 U.S.C. § 1681n and § 1681o.

## COUNT III

### Defendants Transworld

**(Violations of the Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 *et seq*.)**

62. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully state herein.

63. Defendant violated the CCRAA. Defendants' violations include, but are not limited to, the following:

    a. Defendant violated Cal. Civ. Code § 1785.25 by furnishing information on a specific transaction or experience to the credit reporting agencies that Defendant knew or should have knew is incomplete or inaccurate

        i. Plaintiff completely paid off the balance on his account with the original creditor, Thousand Oaks Endoscopy.

        ii. The account should never had been sent to collections or reported as in collection on Plaintiff's credit report.

        iii. Even after the dispute letters, Transworld continued to inaccurately furnish information to the credit reporting agencies by indicating that Plaintiff's account was "unpaid" and was previously in "COLLECTION" when Transworld knew that the account was paid in full in 2016.

        iv. As a result, Plaintiff's balance with Defendants was always $0 and should have never been reported at all.

64. Defendants' acts, as described above, were done willfully and knowingly.

65. As a result of the foregoing violations of the CCCRAA, Defendant is liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code 1785.31.

## COUNT V

## Defendant Transworld

## (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.)

66. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully state herein.

67. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt; and

   b. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; and

   c. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

   d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

68. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

69. Defendant was aware that Plaintiff paid off the account directly to Thousand Oaks Endoscopy, and despite this, Defendant attempted to collect a debt that was not due by Plaintiff and communicated credit information which was known to be false.

70. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT V

### Defendant Transworld

### (Violations of the RFDCPA, Cal. Civ. Code § 1788 *et seq*.)

71. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully state herein.

72. Defendant violated the RFDCPA. Defendants violations include, but are not limited to, the following:

   a. Defendant violated Cal. Civ. Code § 1788.14(b) by collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charges for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law;

   b. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

      i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692e(10), which prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer; and

      ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

73. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

74. Defendant was aware that Plaintiff paid off the account directly to Thousand Oaks Endoscopy, and despite this, Defendant attempted to collect a debt that was not due by Plaintiff.

75. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Faryborz Kohanteb respectfully requests judgment be entered against Defendants Transworld Systems, Inc. and Equifax Information Services, LLC, for the following:

    A. Declaratory judgment that Defendants Transworld Systems, Inc. and Equifax Information Services, LLC violated the FCRA;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    C. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

    D. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

    F. Declaratory judgment that Defendant Transworld Systems, Inc. violated the CCRAA;

    G. Actual damages pursuant CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

H. Punitive damages of $5,000.00 per violation pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

I. Costs and attorney's fees pursuant to CCRAA, Cal. Civ. Code § 1785.31(a)(1) and Cal. Civ. Code § 1785.31(a)(2)(A);

J. Declaratory judgment that Defendant Transworld Systems, Inc. violated the FDCPA and RFDCPA;

K. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Cal. Civ. Code § 1788.30(b);

L. Actual damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

M. Costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

N. Punitive damages to be determined at trial, for the sake of example and punishing Defendants for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

O. Any pre-judgment and post-judgment interest as may be allowed under the law; and

P. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 19th day of February 2020.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247

Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Faryborz Kohanteb*